IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS R. HUNTER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 04-0262-CV-W-SOW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

ORDER

Before the Court is movant Thomas R. Hunter's Motion for Certificate of Appealability (Doc. #20). Movant asks this Court to issue a certificate of appealability on the issue of whether this Court failed to liberally construe his *pro se* pleadings. Movant's motion is denied.

Despite entering a plea of guilty on January 28, 2002, pursuant to a plea agreement in which movant agreed to waive his right to appeal or to file a motion under 28 U.S.C. § 2255, movant has filed both an appeal and a motion under 28 U.S.C. §2255. Despite the fact that movant was not entitled to file a motion under 28 U.S.C. §2255, the Court took the time to review movant's motion and issue an Order pertaining to the motion.

In his §2255 motion, movant alleged that he was denied his Sixth Amendment right to effective assistance of counsel, that his Fourth Amendment right to be free from unreasonable searches and seizures was violated, and that his Fifth Amendment right to due process was violated. In connection with his claim that he received ineffective assistance of counsel, plaintiff alleged that his attorney failed to file a motion to suppress the firearms seized as a result of a supposedly illegal no-knock search warrant and failed to challenge the use of his North Carolina conviction for purposes of establishing his status as an armed career criminal.

Movant's motion failed to allege or suggest that his waiver of his right to appeal or seek collateral relief was unknowing or involuntary or the result of ineffective assistance of counsel. Therefore, this Court found that movant's waiver of his right to appeal was enforceable and precluded the Court from considering his ineffective assistance of counsel claims. Id. Movant bargained away his right to file a § 2255 motion in exchange for the right to seek a downward departure when he agreed to plead guilty.

The Court found that even if movant could bring a claim of ineffective assistance of counsel, movant's claims were meritless. Movant accused his attorney of being ineffective because the attorney did not file a motion to suppress the firearms seized from movant's residence. Movant did not allege that but for this failure to file a motion to suppress he would not have entered a guilty plea and would have insisted on going to trial. In order to prevail on a claim of ineffective assistance of counsel after a guilty plea has been entered, a movant must allege and prove not only that his attorney's conduct fell below an objective standard of reasonableness, but that absent such ineffectiveness he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Not only has movant failed to allege that but for his counsel's decision not to file a motion to suppress he would not have pleaded guilty, it was clear to the Court from movant's motion that he still would have entered a guilty plea because the only remedy movant was seeking in his § 2255 motion was to be re-sentenced without an Armed Career Criminal designation. The Court did give movant's *pro se* pleading a liberal construction as evidenced by the Court's analysis of his claims. There is no basis for issuing a certificate of appealability on this issue.

2

Accordingly, it is hereby

ORDERED that movant Thomas R. Hunter's Motion for Certificate of Appealability (Doc. #20) is denied.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 4-21-05